## PROVOCATION AS AN ELEMENT OF DAMAGES.

Circuit Court of Hamilton County.

Gus W. Menninger v. James Taylor.

Decided, December 28, 1907.

*Assault and Battery—Civil Action Against the Assailant for Damages—Charge of Court as to Provocation—Error.*

In an action for damages for malicious assault, an erroneous charge by the court with reference to provocation constitutes reversible error, notwithstanding the evidence warranted the jury in fixing the damages at the amount named in the verdict.

*Cogan & Williams*, for plaintiff in error.
*Phares, Gusweiler & Rosenberg*, contra.

Giffen, J.; Swing, P. J., and Smith, J., concur.

In an action for damages for assault and battery, the following instruction is erroneous:

"If you find from the evidence that the conduct of the defendant was not the result of fear of injury to himself, nor such excitement as the circumstances of the case might arouse in the mind of a man of ordinary good temper, but was the result of provocation or sudden anger brought into action by the occasion, the jury may go beyond compensation for loss and suffering, and may add any sum you may think reasonable by way of punishment of the defendant and an example to the public."

Provocation may be considered in mitigation of punitive damages, but not as a ground for awarding such damages. *Mahoning Valley Ry. Co.* v. *De Pascale*, 70 O. S., 179.

The condition of sudden anger may have been the result of some unlawful act of the plaintiff, and yet under this charge would warrant exemplary damages.

The evidence, which is all before us, discloses an unprovoked and malicious assault, and the jury under proper instructions could hardly award less damages; but the error seems to be, under the ruling of our Supreme Court, reversible. *Globe Insurance Co.* v. *Sherlock*, 25 O. S., 50.

Judgment reversed and cause remanded for a new trial.